**United States District Court**
For the Northern District of California

1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

MARK HEINRICHS, individually and on
behalf of all others similarly situated,

11                                                             No. C 13-05434 WHA

            Plaintiff,

12

13     v.

                                                             **ORDER DENYING**
14   WELLS FARGO BANK, N.A.,                                 **MOTION TO DISMISS; AND**
                                                             **DENYING MOTION FOR**
                                                             **JUDICIAL NOTICE AS MOOT**
            Defendant.

15                                              /

16

17                              **INTRODUCTION**

18          This is a putative class action brought under the Telephone Consumer Protection Act.

19   Defendant moves to dismiss the amended complaint under Rule 12(b)(6), and requests judicial

20   notice of two petitions. For the reasons stated below, the motion to dismiss is **DENIED**.

21   The motion for judicial notice is **DENIED AS MOOT**.

                                **STATEMENT**
22

23          The following well-pled facts are assumed to be true for purposes of this order. In March

24   2013, defendant Wells Fargo Bank, N.A. began calling plaintiff Mark Heinrichs, using an

25   automatic telephone dialing system that placed prerecorded calls to Heinrichs' cell phone. This

26   was reportedly done so that Wells Fargo could collect debt owed by another party, "Scott."

27          Heinrichs does not owe this debt. Nor does he know who "Scott" is. Heinrichs also has

28   not provided any personal information — including his cell phone number — to Wells Fargo.

Nevertheless, Wells Fargo "has initiated approximately 20 telephone calls to [Heinrichs']

**United States District Court**
For the Northern District of California

1   cellular telephone" in an attempt to collect the debt owed by "Scott".  Because Wells Fargo's

2   calls were prerecorded, Heinrichs "had no ability to request that the calls end [or] voice [his]

3   complaints regarding the calls to a real person" (Amd. Compl. ¶¶ 11–13, 18).

4        On November 22, 2013, Heinrichs initiated this putative class action.  He later filed an

5   amended complaint on January 15, 2014, alleging two claims — one for violations of the

6   Telephone Consumer Protection Act, and the other for knowing and willful violations of that

7   Act.  Wells Fargo now moves to dismiss the amended complaint under Rule 12(b)(6), and

8   requests judicial notice of two petitions.  Following full briefing and oral argument, the order

9   decides both motions below.

10   **ANALYSIS**

11   **1.    MOTION TO DISMISS.**

12        Under Section 227(b)(1)(A) of Title 47 of the United States Code, the TCPA states

13   (emphasis added):

14           It shall be unlawful for any person within the United States, or
              any person outside the United States if the recipient is within

15           the United States —

16               (A) to make any call (*other than a call . . . made with
                  the prior express consent of the called party*) using any

17               automatic telephone dialing system or an artificial or
                  prerecorded voice . . .

18
                    *            *            *

19
20               (iii) to any telephone number assigned to a
                  paging service, *cellular telephone service*,

21               specialized mobile radio service, or other radio
                  common carrier service, or any service for which

22               the called party is charged for the call . . . .

23        In their briefs, the parties dispute only one issue:  whether or not the "called party" gave

     prior express consent to Wells Fargo's calls.  If the answer is yes, Wells Fargo is exempt from

24   liability under Section 227(b)(1)(A).  As such, Wells Fargo contends that the amended complaint

25   fails to state a claim because there is no allegation that the calls were made without "Scott's"

26   consent.  This, of course, assumes that "Scott" was the "called party" for purposes of the consent

27   exemption.  Heinrichs disagrees, arguing that the he was the "called party" because he actually

28

2

1   received the calls, though it is uncontested that Wells Fargo was trying to reach "Scott." To that

2   end, Heinrichs did not give consent for those calls (Amd. Compl. ¶ 18).

3          While the undersigned judge is inclined to agree with the analysis set forth in *Soppet v.*

4   *Enhanced Recovery Co.*, *LLC*, 679 F.3d 637 (7th Cir. 2012) — the only appellate decision so far

5   to define "called party" for purposes of the consent exemption, as provided under Section

6   227(b)(1)(A) — the order need not determine who "the called party" was to decide the present

7   Rule 12(b)(6) motion. This is because the consent exemption is not an element of Heinrichs'

8   TCPA claims. Our court of appeals has stated (emphasis added):

9               Calls otherwise in violation of the TCPA are not unlawful if
                made "for emergency purposes or made with the prior express
10              consent of the called party," 47 U.S.C. § 227(b)(1)(A);
                however, *"express consent" is not an element of a TCPA*
11              *plaintiff's prima facie case, but rather is an affirmative defense*
                *for which the defendant bears the burden of proof*.
12
    *Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 n.1 (9th Cir. 2011). This is in line
13
    with the Federal Communications Commission's regulations, which state that a creditor, such as
14
    Wells Fargo, "should be responsible for demonstrating that the consumer provided prior express
15
    consent." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of*
16
    *1991, Request of A CA Int'l for Clarification and Declaratory Ruling*, 23 F.C.C.R. 559, 565 (Jan.
17
    4, 2008).
18
           District courts in this circuit have also recognized the consent exemption as an
19
    affirmative defense — and not an element of a TCPA claim — at the pleading stage. *See, e.g.*,
20
    *Sepehry-Fard v. Dep't Stores Nat'l Bank*, 13-CV-03131-WHO, 2013 WL 6574774 (N.D. Cal.
21
    Dec. 13, 2013) (Judge William H. Orrick); *Connelly v. Hilton Grant Vacations Co.*, LLC,
22
    12CV599 JLS KSC, 2012 WL 2129364, *3 (S.D. Cal. June 11, 2012) (Judge Janis L.
23
    Sammartino). Indeed, the defendants in *Sepehry-Fard* moved to dismiss a TCPA claim under
24
    Rule 12(b)(6) because the plaintiff had not alleged that the phone calls there were made without
25
    consent. Nonetheless, *Sepehry-Fard* held that the plaintiff did not need to affirmatively allege
26
    such a lack of consent, because "express consent is not an element of a TCPA plaintiff's prima
27
    facie case . . . ." 2013 WL 6574774 at *3 (internal quotations omitted). So too here.
28

**United States District Court**
For the Northern District of California

3

1    Wells Fargo, however, argues that lack of consent *is* an element of a TCPA claim

2    (Br. 8–9).  For support, Wells Fargo points to *Meyer v. Portfolio Recovery Associates, LLC*, 707

3    F.3d 1036, 1043 (9th Cir. 2012), as well as a decision from the undersigned judge, *Fields v.*

4    *Mobile Messengers Am., Inc.*, C 12-05160 WHA, 2013 WL 6073426, \*3 (N.D. Cal. Nov. 18,

5    2013).  Wells Fargo also cites to a string of decisions from outside this jurisdiction to bolster its

6    argument.  *See, e.g.*, *Pugliese v. Prof'l Recovery Serv., Inc.*, 09-12262, 2010 WL 2632562 (E.D.

7    Mich. June 29, 2010).

8    None of these decisions are persuasive here.  It is true that *Meyer* listed "the three

9    elements of a TCPA claim" as "(1) the defendant called a cellular telephone number; (2) using

10   an automatic telephone dialing system; (3) without the recipient's prior express consent," but

11   this was in the context of a preliminary injunction request, and specifically, the plaintiff's

12   likelihood of success on the merits in that case.  707 F.3d at 1043.

13   *Fields* is likewise distinguishable.  There, the undersigned judge only addressed consent

14   in connection with a motion for class certification.  In fact, the specific issue was "whether

15   consent in TCPA putative class actions is a common issue that can be resolved with common

16   proof," with the undersigned judge placing "the burden on plaintiffs to prove a lack of prior

17   express consent" in seeking class certification.  2013 WL 6073426 at \*3.

18   In short, because *Meyer* and *Fields* did not decide whether lack of consent must be

19   affirmatively pled to survive a Rule 12(b)(6) motion, neither these decisions nor the out-of-

20   circuit decisions cited by Wells Fargo override the ones discussed above, at least at this pleading

21   stage.  The order thus finds that the amended complaint need not allege lack of consent to plead

22   a TCPA claim.  As Wells Fargo challenges the amended complaint only on consent grounds, its

23   motion to dismiss is accordingly **DENIED**.

24        **2.    MOTION FOR JUDICIAL NOTICE.**

25   As part of its reply, Wells Fargo requests judicial notice of two petitions to the FCC for

26   expedited declaratory rulings.  According to Wells Fargo, these petitions may result in a decision

27   on the consent exemption issue, as they would require the FCC to clarify the meaning of "called

28

*United States District Court*
For the Northern District of California

4

1  party" under that exemption.  In that connection, Wells Fargo has filed a separate motion to stay

2  this action, which is set for hearing on April 10, 2014.

3       For purposes of the present motion to dismiss, however, it is unnecessary to consider

4  these two petitions.  As such, the motion for judicial notice is **DENIED AS MOOT**.

5  **CONCLUSION**

6       For the reasons stated above, the motion to dismiss is **DENIED**.  The motion for judicial

7  notice is **DENIED AS MOOT**.  Wells Fargo must file its answer to the amended complaint by **5**

8  **PM ON MARCH 20, 2014**.

9

10       **IT IS SO ORDERED.**

11

12  Dated:  March 7, 2014.

                                     WILLIAM ALSUP

13                                       UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*United States District Court*
For the Northern District of California

5