IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK HEINRICHS, individually and on behalf of all others similarly situated,

    Plaintiff,

  v.

WELLS FARGO BANK, N.A.,

    Defendant.

No. C 13-05434 WHA

**ORDER GRANTING MOTION TO STAY**

## INTRODUCTION

In this putative class action brought under the Telephone Consumer Protection Act, defendant moves to stay this action. To the extent stated below, the motion is **GRANTED**.

## STATEMENT

The sole basis for relief in this action is premised on liability under Section 227 of Title 47 of the United States Code. The parties agree that a called party's express consent is required before a call can be placed using an automated telephone dialing system. Where the parties differ is whether "called party" under Section 227(b)(1)(A) means "current subscriber" of the cell phone number or, as Wells Fargo Bank, N.A. contends, "intended recipient." The problem arises when a cell phone number is reassigned from someone who gave consent to someone who did not without notice to the caller.

Wells Fargo now moves to stay the action pending resolution of two dispositive petitions to the Federal Communications Commission. Both petitions — one seeking declaratory ruling and the other formal rulemaking — essentially ask the FCC to shield

robocallers from liability if they intend to call persons who gave prior express consent to receive automated calls (Troutman Exh. G; Exh. H). The FCC has invited public comment as to both petitions. The deadline for both has now passed. The FCC is now poised to either deny the petition or to proceed to proposed rulemaking.

**ANALYSIS**

Our court of appeals has not directly addressed what the specific definition of "called party" is under Section 227(b)(1)(A). District courts in our circuit have generally rejected the "intended recipient" definition. *See Olney v. Progressive Cas. Ins. Co.*, No. 13-cv-2058, 2014 WL 294498, at *3 (S.D. Cal. Jan. 24, 2014) (Judge Gonzalo P. Curiel) (standing under TCPA not limited to intended recipient); *Gutierrez v. Barclays Group*, No. 10-cv-1012, 2011 WL 579238, at *5 (S.D. Cal. Feb. 9, 2011) (Judge Dana M. Sabraw) (adopting subscriber definition). But a stay was granted, however, in a recent district court action because the defendant there filed a petition with the FCC "to confirm that there is a good faith exception to liability under the TCPA for situations such as this one." *Matlock v. United Healthcare Services, Inc.*, No. 13-cv-02206, 2014 WL 1155541, at *2 (E.D. Cal. Mar. 20, 2014) (Chief Judge Morrison C. England, Jr.). That petition is cited by Wells Fargo in the instant action. Wells Fargo itself has not filed a petition related to the current issue.

The Seventh and Eleventh Circuits, while not binding in this district, have ruled that "called party" means current subscriber under Section 227(b)(1)(A). *Soppet v. Enhanced Recovery Company., LLC*, 679 F.3d 637, 643 (7th Cir. 2012); *Osorio v. State Farm Bank, F.S.B.*, No. 13-10951, 2014 WL 1258023, at *7 (11th Cir. 2014). These decisions highlight a particularly complicated issue that needs uniformity in administration.

Section 227(b)(2) grants the FCC authority to promulgate regulations to implement the TCPA. Pursuant to said authority, the FCC has requested public comment on two petitions that would be dispositive of the very issue presented by the instant civil action, namely — what "called party" means under the TCPA. Indeed, Wells Fargo contends in its brief that "[d]istrict courts are bound to follow the FCC's orders interpreting the TCPA and circuit courts grant these rulings *Chevron* deference" (Br. 6).

2

With the deadline for public comment having passed for both petitions, the next step by the FCC is to decide whether to propose a rule change to deal with the issue (Hutchinson Decl. ¶ 5). In light of the distinct possibility that the FCC will clarify (or not) whether the theory of the pending civil action is viable, this action will be stayed until the sooner of six months or such closer time as the FCC decides to act or rule in such a way as to eviscerate the pending action. There is minimal prejudice in doing so as this action is young and the FCC's guidance will be determinative of the underlying basis for relief. Counsel shall file a joint statement advising this Court of the status of the FCC petitions by **NOON ON OCTOBER 15, 2014**.

## CONCLUSION

To the extent stated above, Wells Fargo's motion to stay is **GRANTED**. Counsel's joint statement is due by **NOON ON OCTOBER 15, 2014**.

**IT IS SO ORDERED.**

Dated: April 15, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3